**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Allegheny Casualty Company, | No. CV-16-02270-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Touraj Jason Vedadi, *et al.*, | |
| Defendants. | |

Plaintiff/Counterdefendant Allegheny Casualty Company and third party Counterdefendant International Fidelity Insurance Company (collectively, "Allegheny") moved the Court to dismiss Defendants/Counterclaimants Touraj and Shayna Vedadi's, Titanium Builders LLC's, TB Excavation LLC's and TB Materials LLC's (collectively, "Titanium") Counterclaim III insofar as it seeks damages in tort for bad faith. (Doc. 47.) Titanium has filed a Response (Doc. 56) and Allegheny has filed a Reply in support of its Motion. (Doc. 58.) The Court finds this matter suitable for resolution without oral argument. *See* LRCiv 7.2(f).

**I.     RELEVANT FACTS AND PROCEDURAL HISTORY**

In 2014, Titanium entered four separate contracts to perform work related to the construction of multi-family apartments in North Dakota. The contracts gave the project owner the right to require Titanium to obtain bonds to insure the performance of the required work and payment of obligations under the contracts. Eventually, the owner so required, and Allegheny, acting as surety, issued those bonds, with Titanium acting as

principal on the bonds and the project owner as obligee. (Doc. 56 at 2.) Before the bonds issued, Allegheny and Titanium entered into an Agreement of Indemnity ("Agreement") wherein Titanium would indemnify Allegheny against all loss under the bonds to be issued, among other things.

A dispute over the North Dakota project resulted in claims being made under the bonds, which claims Allegheny did not pay. Instead, Allegheny initiated the instant matter, seeking, among other things, indemnity from Titanium under the Agreement. Titanium brought counterclaims against Allegheny, including a counterclaim for "breach of the covenant of good faith and fair dealing and bad faith." (Doc. 57 at 23.) To the extent Titanium counterclaims for tort damages under a bad faith theory, Allegheny seeks judgment on the pleadings. Allegheny does not seek to dismiss Titanium's contract claims in its motion.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings. *Westlands Water Dist. v. Bureau of Reclamation*, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992).

A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] . . . in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings under Rule 12(c) is

warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006) (internal citations omitted).

### III. ANALYSIS

Allegheny argues in brief that, under Arizona law, a surety cannot be liable in tort for a bad faith claim to a principal; nor can it be liable to an indemnitor in an agreement of indemnity. According to Allegheny, while a surety may be liable in tort for bad faith to its obligee, *see, e.g., Dodge v. Fidelity and Deposit Co. of Maryland,* 778 P.2d 1240 (Ariz. 1989), the principal is not similarly situated to the surety as is the obligee. The Supreme Court of Arizona stated in *Dodge* that the relationship between a surety and an obligee is one "in which the law implies special duties not imposed on other contractual relationships," and for which it thus would recognize an action in tort for bad faith. *Id.* at 1242. In so concluding, the court in *Dodge* found present among its "most important factors" that the obligee plaintiff "had contracted for security or protection rather than for profit or commerical advantage." *Id.* This factor was present in *Dodge* because the obligee—a homeowner—required the bond to protect against personal financial hardship that would occur once it had expended funds to purchase a home that was never completed.

Allegheny argues that the law implies no similar special duties upon a surety to a principal precisely because, among other reasons, the principal did not contract "for security or protection rather than for profit or commercial advantage." In the present case, it is irrefutable that the reason Titanium contracted for the performance and payment bonds was for profit or commercial advantage—the contracts with the project owner specified that the owner had the right to require performance and payment bonds; if Titanium did not comply with that provision, it would have been in breach of the contracts. And when, at the outset of the contracts, the owner had not yet required Titanium to secure the bonds, Titanium elected not to do so. Indeed, the only party, if any, that might be said to have sought security or protection from the performance and

payment bonds in this case was the project owner, who is not a party to this action. For these reasons, the Court agrees with Allegheny.

In opposing Allegheny's argument, Titanium points to the following language found elsewhere in *Dodge*: "[w]e do not dispute that a surety has an enforceable obligation of good faith toward its principal." *Id.* at 1243. Based on this citation, Titanium urges the Court to conclude that an action in tort lies for bad faith in the instant action. The Court is not persuaded. First, the above statement is *dictum*, not necessary to the court's holding in *Dodge*. Second, the case the court in *Dodge* cited for the above proposition, *Cushman v. National Surety Corp.*, 417 P.2d 537 (Ariz. 1966), undermines the conclusion Titanium would have this Court reach.

In *Cushman*, the Supreme Court of Arizona addressed the requirement that a surety act in good faith generally, but never in the context of possible tort damages. The court in *Cushman* made explicitly clear that it considered liability for breach of the duty of good faith solely in terms of contract action: "The liability of a surety is measured by his contract, and while he is liable to the full extent thereof, such liability is strictly limited to that assumed by its terms." *Id.* at 540.

Although an aged case, on the above point *Cushman* stands for a proposition replete in subsequent Arizona case law: that every contract, no matter what the subject matter, carries with it the implied duty of good faith and fair dealing, *Rawlings v. Apodaca*, 726 P.2d 565, 569–70 (1986), and that duty is enforceable. But it is also consistent with the principle that "the remedy for breach of this implied covenant [of good faith and fair dealing] is ordinarily by action on the contract." *Burkons v. Ticor Title Ins. Co. of Cal.*, 813 P.2d 710, 720 (Ariz. 1991). It is only when a contract is between parties having a "special relationship" of the nature discussed in *Dodge*, where the goal of the contract is for "something more than commercial advantage," *id.*, that the breach is enforceable in tort. Allegheny has identified case law from numerous other jurisdictions that, while not precedential in nature, is uniformly persuasive in its reasoning consistent with the above. *See, e.g., U.S. ex rel. Custom Grading, Inc. v. Great Am. Ins. Co.*, 952 F.

Supp. 2d 1259, 1265 (D.N.M. 2013); *Masterclean, Inc. v. Star Ins. Co.*, 556 S.E.2d 371, 376-77 (S.C. 2001).

For the same reasons that bad faith tort liability cannot lie based on the surety-principal relationship, neither can it lie based on any special duties running from surety to indemnitor through an agreement of indemnity. As Allegheny points out, it is the surety who looks to the indemnitor for indemnification, not the other way.

In sum, Titanium has not produced a single case demonstrating that Arizona courts have upheld a bad faith claim sounding in tort against a surety brought by a principal or an indemnitor. Even if it found Titanium's argument appealing, absent such law, this Court will not be so bold as to declare a new cause of action under Arizona law.

**IT IS ORDERED** granting Counterdefendants' Motion to Dismiss all Tort-Based Counterclaims (Doc. 47).

**IT IS FURTHER ORDERED** dismissing Counterclaim III insofar as it sounds in tort. Titanium's contract-based counterclaims, including for declaratory and injunctive relief, remain pending.

**IT IS FURTHER ORDERED** that Plaintiff/Counterdefendant Allegheny Casualty Company and third party Counterdefendant International Fidelity Insurance Company shall file an Answer to the balance of the First Amended Answer and Counterclaim (Doc. 57) by May 12, 2017.

Dated this 28th day of April, 2017.

Honorable John J. Tuchi
United States District Judge